**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-6249**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GARY EUGENE REVIS, a/k/a G,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Mark S. Davis, Chief District Judge.  (2:18-cr-00140-MSD-LRL-4)

_____

Submitted:  June 12, 2025                    Decided:  June 17, 2025

_____

Before HARRIS and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Gary Eugene Revis, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Eugene Revis appeals the district court's order denying relief on his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. We review the denial of compassionate release under § 3582(c)(1)(A) for an abuse of discretion. *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023). "In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion." *Id.* (internal quotation marks omitted). "To grant a compassionate release motion, the district court must conclude that the prisoner is eligible for a sentence reduction because he has shown extraordinary and compelling reasons supporting relief, and that release is appropriate under the 18 U.S.C. § 3553(a) sentencing factors, to the extent those factors are applicable." *Id.* at 128 (internal quotation marks, brackets, and ellipsis omitted). As it relates to claims regarding inadequate medical care, the U.S. Sentencing Commission's policy statement provides that extraordinary and compelling reasons exist when "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sentencing Guidelines Manual § 1B1.13(b)(1)(C), p.s. (2024).

On appeal, Revis challenges the district court's conclusions that he failed to demonstrate extraordinary and compelling reasons for release. First, Revis argues that the Bureau of Prisons (BOP) is not providing adequate care for his medical conditions, thus putting him at risk of a serious deterioration of his health or death. While Revis does suffer from multiple serious medical conditions, the record shows that he has received extensive,

2

specialized care in BOP's custody.  Therefore, we discern no abuse of discretion in the district court's finding that Revis failed to show that his medical conditions constituted an extraordinary and compelling reason for release.

Next, Revis argues that the district court failed to properly consider his argument that a change in the law resulted in a gross disparity between his original sentence and the sentence likely to be imposed if he were sentenced today.  *See* USSG § 1B1.13(b)(6), (c), p.s. (noting that a change in law may be considered in determining whether defendant presents an extraordinary and compelling circumstance, but only as provided in subsection (b)(6)).  However, Revis has failed to identify any change in the law applicable to his sentence.

We therefore discern no abuse of discretion in the district court's findings that Revis failed to show extraordinary and compelling reasons for his release.  Accordingly, we affirm the district court's order.  *United States v. Revis*, No. 2:18-cr-00140-MSD-LRL-4 (E.D. Va. Mar. 12, 2025).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*